UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TINA LOUISE ROBERTS,

Plaintiff,

v.

SAN DIEGO POLICE DISPATCHER 8353, 8395, NESLIET BADGE 7689,

Defendants.

Case No.: 3:26-cv-03619-JES-SBC

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 8, 2026, the Court issued an order to show cause ("OSC") ordering Plaintiff Tina Louise Roberts ("Plaintiff") to show cause why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 5. The Court ordered Plaintiff to file a written response by July 31, 2026. *Id.* The Court cautioned Plaintiff that failure to respond to the OSC may result in the case being dismissed. *Id.*

On July 10, 2026, Plaintiff filed a supplemental document, Civil Cover Sheet indicating the basis of jurisdiction as U.S Government Defendant, but failed to file a written response addressing subject matter jurisdiction as ordered. *See* ECF No. 6. However, the United States Government is not a plaintiff or defendant in this case. *See* ECF No. 1-1. Further, Plaintiff alleged the violation of California Government Code § 945.6, but no

federal statutes and the parties are all citizens of the same state. *See* ECF No. 6. On July 13, 2026, Plaintiff filed a document seeking to add a Defendant to the case, but once again did not address the Court's OSC. ECF No. 7.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Federal subject matter jurisdiction arises in two ways, either under 28 U.S.C. § 1331 for federal question jurisdiction or under § 1332 for diversity jurisdiction. *Arbaugh v. Y & HCorp.*, 546 U.S. 500, 513 (2006). Federal courts are constitutionally required to raise issues of federal subject matter jurisdiction, *sua sponte* if necessary, and must satisfy itself of jurisdiction before proceeding to the merits of a case. *Id.* at 514; *Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Thus, the Court lacks subject matter jurisdiction and sua sponte **DISMISSES** the case for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Honorable James E. Simmons Jr.
United States District Judge